[No. 27098. Department Two. August 3, 1938.]

EMMA THOMAS, as *Administratrix, Respondent,* v.
INLAND MOTOR FREIGHT, *Appellant.*[1]

*Edge & Keith, Brown & Weller,* and *Norman dePender,* for appellant.

*Tustin & Chandler, Carl Quackenbush,* and *A. J. Hutton,* for respondent.

MILLARD, J.—Alfred Thomas, a truck driver employed by the defendant, was killed at Springdale, Washington, June 7, 1935, while operating defendant's freight truck with attached trailer from Spokane to Colville. In attempting to round a sharp right-hand curve in the highway at the south edge of the town of Springdale, about forty miles north of Spokane, he failed to negotiate the curve. His truck ran off the left-hand side of the road at the place where it crossed railroad tracks and overturned, killing Thomas.

His widow, as administratrix, instituted an action against the employer of the deceased to recover on three alleged grounds of negligence, one of which grounds was withdrawn from the jury during the

[1]Reported in 81 P. (2d) 818.

progress of the trial. Trial of the cause to a jury on the issues of defective brakes and overloading resulted in a verdict for the plaintiff. On appeal to this court (*Thomas v. Inland Motor Freight,* 190 Wash. 428, 68 P. (2d) 603), the judgment was reversed, and the cause remanded for a new trial, on the ground that there was no evidence to sustain the issue of overloading and on the further ground of improper admission of testimony.

Trial to a jury upon the sole issue of defective brakes again resulted in a verdict in favor of the plaintiff. From the judgment entered on the verdict, motions for judgment notwithstanding the verdict and for a new trial having been overruled, the defendant appealed.

Counsel for appellant contend that the qualifications of the expert witness, who testified in behalf of respondent, were unusually limited, and that his testimony (given over the appellant's objection) respecting the cause of the accident was purely speculative. It is argued that, in the absence of knowledge of the speed of the truck, knowledge of the condition of the truck prior to the accident or whether the truck was in gear, the testimony of a claimed expert on brakes that the braking system on the truck was defective was conjectural, argumentative, and speculative.

This witness had several years' experience as an automobile mechanic. He was well qualified to explain the braking mechanism of the truck and inform the jury respecting the functioning of the brakes. That he was acquainted with the intricacies of the booster system of brakes, with which the truck operated by Thomas was equipped, is clear from a reading of the testimony.

At this second trial, there was evidence, which was not before the court in the first trial, showing the worn parts of the internal mechanism of the braking parts of the left rear wheel of the truck. These parts were

the cam shaft, housing, bushings, and toggle pin sockets showing the holes in which the toggle pins operated. Those parts were exhibits in the case.

The expert witness explained to the jury the use and operation of the cam shaft and the toggle pins in connection with the operation of the brakes. He testified—the verdict reflects the jury's acceptance of that testimony as true, in effect, that the holes in which the toggle pins operated were so worn and enlarged as to permit the toggle pin to come out of the socket and involve itself in the mechanism in the brake drum or in the brake lining, which stopped the wheel and was the cause of the accident. The testimony of the expert was admissible.

Whether the break or defect was the result of an event for which the employer could not be held liable or whether it was such as could have been discovered and remedied by reasonable inspection, was, under the evidence in this case (as we held on the former appeal), a question for the jury. *Thomas v. Inland Motor Freight,* 190 Wash. 428, 439, 68 P. (2d) 603. That question was resolved against appellant.

The questions of contributory negligence and assumption of risk on the part of the deceased, and primary negligence on the part of appellant, we held, on the first appeal, were for the jury. Those questions are now academic. With the exception of additional evidence showing the worn part of the internal mechanism of the braking system of the truck, the evidence is about the same as in the first trial of this cause.

A careful examination of the record fails to disclose reversible error; therefore, the judgment should be, and it is, affirmed.

STEINERT, C. J., ROBINSON, BLAKE, and BEALS, JJ., concur.